# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TANAKA BIRDO, #S-03217 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 09-cv-549-JPG |
| | ) | |
| MARION COUNTY SHERIFF'S | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tanaka Birdo, formerly an detainee in the Marion County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is [portions of this action are] subject to summary dismissal.

## THE COMPLAINT

Birdo alleges, generally, that at Marion County jail, federal inmates housed at the jail are given preferential treatment over those detained by County authorities.  As an example, he explains that some federal inmates have received equivalent disciplinary sanctions for actions that Birdo deems more serious than conduct for which he was punished.  He complained to Defendants Roeckeman and Eddings about his concerns over this disparity, without result.

Birdo also alleges that federal and county inmates are housed together, and federal inmates tend to prey on the county inmates with harassment, intimidation, and occasional assaults.   He specifically alleges that on June 27, 2009, he was assaulted by two federal inmates.  Birdo alleges that Defendant Farthee was in the control room but did not see the assault.  Afterwards,  Birdo had a swollen jaw and was spitting blood.  He asked Defendant Burgess to look at his jaw.  Burgess did, told Birdo he did not think it was broken; Burgess then told him that the doctor, Defendant Junidi, advised him to give Birdo an ice pack for his jaw and some pain medication.

The next day, June 28, Junidi examined Birdo and ordered an x-ray, which was taken at the hospital later that day.  The x-ray revealed a broken jaw.  On June 30, Birdo was taken to Effingham to see another doctor, who took more detailed x-rays.  The next day, July 1, Birdo underwent surgery to repair his broken jaw; a permanent plate was inserted into his jaw, and his jaw was wired together while the injury healed.  For several weeks, Birdo was on a liquid diet, resulting in 15 pounds of weight loss.

Birdo alleges that the sheriff and the jail administrator, Defendants Devore and Roeckeman,

never tour the jail.  He further alleges that the sergeants rarely tour the jail; instead, they tend to congregate in the control room where they do not vigilantly watch the television monitors of day room activity.  Birdo believes the jail is understaffed, and that the officers are poorly trained.

From these allegations, the Court discerns four possible claims, as discussed below.

**FAILURE TO PROTECT**

Birdo's first claim is that due to the jail's under staffing, poor training, and lax supervision of inmate activity, he was assaulted by two inmates.  He believes that if Defendants were more vigilant, this unfortunate assault would not have happened.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety.  *Farmer,* 511 U.S. at 834.  In order for a plaintiff to succeed on a claim for failure to protect, he must show that he was incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id.; Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999).  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Birdo would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001).  Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on prison

officials.  *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *Ward v. Thomas,* 708 F.Supp. 212, 214 (N.D.Ill. 1989).

In this case, Birdo makes no allegation that Defendants were aware of any specific threat to his personal safety prior to the assault, either from the inmates who actually assaulted him or from any other inmate in particular.  This incident appears to be an unfortunate random act of violence, and the Court empathizes with Birdo for his pain and suffering.  However, he has failed to state a claim upon which relief may be granted, and this claim is dismissed from the action with prejudice.

## MEDICAL TREATMENT

Birdo's next potential claim involves the medical treatment for his broken jaw following the assault.

To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective."  *Id.* at 539.  *See also Qian v. Kautz*, 168 F.3d 949, 955-56 (7th Cir. 1999); *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285 (7th Cir. 1991).

> [F]or a pretrial detainee to establish a deprivation of his due process right to adequate medical care, he must demonstrate that a government official acted with deliberate indifference to his objectively serious medical needs.  *See Qian*, 168 F.3d at 955.  This inquiry includes an objective and subjective component.  The objective aspect of the inquiry concerns the pretrial detainee's

medical condition; it must be an injury that is, "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) (internal quotations omitted); *see also Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). "A 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Even if the plaintiff satisfies this objective component, he also must tender sufficient evidence to meet the subjective prong of this inquiry. In particular, the plaintiff must establish that the relevant official had "a sufficiently culpable state of mind[,] ... deliberate indifference to [the detainee's] health or safety." *Farmer*, 511 U.S. at 834, 114 S.Ct. 1970. Evidence that the official acted negligently is insufficient to prove deliberate indifference. *See Payne*, 161 F.3d at 1040. Rather, as we have noted, " 'deliberate indifference' is simply a synonym for intentional or reckless conduct, and that 'reckless' describes conduct so dangerous that the deliberate nature of the defendant's actions can be inferred." *Qian*, 168 F.3d at 955. Consequently, to establish deliberate indifference, the plaintiff must proffer evidence "demonstrating that the defendants were aware of a substantial risk of serious injury to the detainee but nevertheless failed to take appropriate steps to protect him from a known danger." *Payne*, 161 F.3d at 1041. Simply put, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Higgins*, 178 F.3d at 510. Even if he recognizes the substantial risk, an official is free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 843, 114 S.Ct. 1970.

*Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002).

In this case, it is beyond question that Birdo had a serious medical need. However, the allegations made against Burgess and Junidi do not suggest that either was deliberately indifferent to Birdo's plight. Quite the opposite: Burgess consulted Junidi, who directed him to provide Birdo with an ice pack and pain medication. The next day Junidi examined Birdo and ordered an x-ray;

those orders were carried out the same day.[1]  Two days later Birdo was taken for further treatment, and surgery was performed the next day.  Such a course of treatment negates any possible inference that either Burgess or Junidi was deliberately indifferent to Birdo's medical needs.

Thus, Birdo has failed to state a claim upon which relief may be granted, and this medical claim is dismissed from this action with prejudice.

## DISCIPLINARY PROCEEDINGS

The third possible claim in this action involves a disciplinary action taken against Birdo. From the sketchy facts presented, it appears that Birdo was found in possession of excessive toothbrushes and toothpaste, for which he was punished with 13 days of lock-down status.

To state a claim under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt."  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective."  *Id.* at 539.  *See also Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991).  However,

> a pretrial detainee can be punished for misconduct that occurs while he is awaiting trial in a pretrial confinement status.  Notably, the basis for this punishment is not the underlying crime of which he stands accused; rather, this punishment is based upon the detainee's actions while in pretrial confinement.

*Rapier v. Harris*, 172 F.3d 999, 1003 (7th Cir. 1999).  The Seventh Circuit has also recognized that,

---

[1]  The Court takes judicial notice that the day of the assault, June 27, 2009, was a Saturday, and Junidi personally examined Birdo the next day, Sunday, June 28, 2009.

for pretrial detainees, procedural protections are required prior to the imposition of any punishment. *Rapier*, 172 F.3d at 1005; *Whitford v. Boglino*, 63 F.3d 527, 531 n. 4 (7th Cir. 1995) (indicating in dictum that a due process hearing is required). *See generally Wolff v. McDonnell*, 418 U.S. 539 (1974).

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983).

In this case, Birdo makes no allegation that he was deprived of any procedural protections. Instead, he just complains that some federal detainees received the same punishment – 13 days of lock-down status – for possession of tobacco and home-brewed alcohol. Presumably the charges were similar (perhaps possession of unauthorized property, or contraband?), so his complaint seems to be that Defendants do not differentiate between hooch and toothpaste. That is not a constitutional issue. Birdo has failed to state any claim with respect to this disciplinary proceeding or the perceived disparity in offenses; thus, this claim is dismissed with prejudice.

## SUPERVISORY LIABILITY

Birdo's final potential claim is that the sheriff, the jail administrator, and the County itself,

are negligent in their failure to adequately train and supervise their employees at the jail.  Thus, he believes that they are liable for the actions and inactions of their subordinates.

This theory is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's."  *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).  *See also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions).  Moreover, a defendant cannot be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Thus, Birdo has failed to state a claim against Devore, Roeckeman, and the Marion County Sheriff's Department; this claim is also dismissed with prejudice.

## DISPOSITION

In summary, the complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Birdo is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: February 18, 2010.**

  **s/ J. Phil Gilbert**
  **U. S. District Judge**